UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALTMAN-GLENEWINKEL
CONSTRUCTION, LLC,

CASE NO.:

Plaintiff,

v.

HDI GLOBAL SPECIALTIES SE f/k/a
INTERNATIONAL INSURANCE
COMPANY OF HANNOVER SE,

Defendant.

_____/

## COMPLAINT

Plaintiff, ALTMAN-GLENEWINKEL CONSTRUCTION, LLC ("AGC"), a Florida limited liability company, by and through undersigned counsel, Peckar & Abramson, P.C., hereby sues Defendant, HDI GLOBAL SPECIALTIES SE f/k/a INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE ("HDI"), a German corporation, and alleges as follows:

## PARTIES AND JURISDICTION

1. This is an action for declaratory judgment and breach of contract, seeking an adjudication of the rights, duties and obligations of the parties, under insurance policies issued by HDI under which AGC is an additional insured.

2. AGC is a Florida limited liability company with its principal place of business in Boca Raton, Florida. AGC is a licensed general contractor engaged in and authorized to engage in the business of contracting in Florida.

3. At all times material hereto, AGC was the general contractor retained to construct a luxury, garden style, six (6) story, 398-unit residential apartment complex commonly

known as Altis at Fairway Commons ("Project") located at 5500 North Military Trail, Boca Raton, Florida ("Property").

4. Upon information and belief, Defendant HDI is a German corporation authorized to do business in Florida.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because HDI conducts business in this District, and a substantial part of the events giving rise to this claim occurred in this District.

## GENERAL ALLEGATIONS

7. Altman Fairway Commons-Boca LLC ("Owner"), as owner of the Project, retained AGC to construct the Project.

8. In or around December 2015, AGC entered into a subcontract agreement ("Subcontract") with Orange & Blue Construction, LLC ("O&B") pursuant to which O&B agreed to provide concrete/masonry shell-related labor, services and/or materials for the Project.

9. Thereafter, O&B entered into an agreement ("Sub-subcontract") with On The Ball Builders, Inc. ("OTB") whereby OTB agreed to perform concrete placement and finishing services (the "Work") for the Project. A copy of the Sub-subcontract is attached hereto as **Exhibit 1**. As part of that Sub-subcontract, OTB procured general liability insurance from HDI for at least three consecutive policy periods:

- Policy No. IG011002814-00, effective from July 29, 2014 to July 29, 2015 ("the 2014 Policy");

- Policy No. IG011002814-01, effective from July 29, 2015 to July 29, 2016 ("the 2015 Policy"); and

- Policy No. IG011002814-02 effective from July 29, 2016 to July 29, 2017 ("the 2016 Policy").

True and correct copies of the 2014 Policy, the 2015 Policy and the 2016 Policy are respectively attached hereto as **Exhibits 2**, **3** and **4** and are hereinafter referred to collectively as "the Policies."

10. As part of the Sub-subcontract, OTB agreed that the Policies' "coverage must be endorsed to name **General Contractor Company** as an 'additional insured'". *See* Sub-subcontract, page 7 (emphasis in original).

11. Policies endorsements defined "Insureds" as "to include any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy."

12. HDI has previously affirmatively represented that AGC was intended as an Additional Insured.

13. AGC is an additional insured under each of the Policies.

**Defective Balconies and Underlying Lawsuit**

14. While the Project was well into construction, it was discovered that there was significant cracking in some of the balconies at the Project. This led to a wide-spread investigation. During this investigation it was discovered that many balconies were deflecting, and many others were cracking, requiring immediate repair ("Defective Balconies").

15. Based on the investigation performed by AGC's experts, it is believed that the caused for the Defective Balconies was a combination of improper structural design and improper

construction methods employed by O&B and its subcontractors, including improper steel reinforcement placement, improper concrete finishing and improper shoring and reshoring. AGC paid the majority of the costs for the repairs of the Defective Balconies.

16. In order to recover for such damages, on February 1, 2017, Altman-Glenewinkel Construction, LLC ("AGC") filed suit in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County against O&B for the Defective Balconies. The lawsuit was titled *Altman-Glenewinkel Construction, LLC v. Orange & Blue Construction, Inc*., Case No. 50-2017-CA-001280-XXXX-MB ("the Underlying action").

17. On or about May 14, 2018, Orange & Blue filed a third-party complaint against OTB and two other subcontractors that worked on the Project, seeking indemnity in connection with AGC's claims.

18. In July 2018, AGC filed an amended complaint naming OTB directly as a defendant in the Underlying Action seeking to recover for all damages arising out of or resulting from OTB's negligent Work.

19. In said complaint, AGC alleged that OTB owed it duty to use reasonable care in performing its Work. That OTB breached that duty when it was careless and negligent in performing the Work by improperly and deficiently placing concrete at the Project's balconies. AGC further alleged that as a direct and proximate result of OTB's negligence, AGC was damaged. The damages alleged by AGC due to OTB's negligence include but are not limited to damages caused to the balconies themselves, but also to other property, including without limitation: (i) damage to the stucco and painting work; (ii) Project unit interior finishes; (iii) appliances and (iii) water intrusion damaging rebar installed on the Project.

20. As a result of OTB's deficient Work, AGC suffered both direct and special damages including, without limitation, attorneys' fees, diminution in value, expert testing and consulting expenses, legal expenses, property damage, repair costs, replacement material and supply expenses, inspection expenses, project administration cost, additional security cost and other consequential damages.

**Presumptive Burden Shifted onto OTB in the Underlying Lawsuit and Denial of Coverage**

21. On October 15, 2018, OTB tendered AGC's Third Amended Complaint in the Underlying Action to HDI for defense and indemnity.

22. On July 24, 2020, this Court in the Underlying Lawsuit granted AGC's request to shift the presumptive burden onto OTB. See Order dated July 24, 2020 attached hereto as **Exhibit 5**. As such, the presumption in the Underlying Lawsuit, is that OTB was negligent and violated the Florida Building Code pursuant to Florida Statute §553.84 in its performance of its scope of Work at the Project.

23. AGC asserts that OTB has coverage under the Policies for damages sought by AGC.

24. AGC further asserts that as an additional insured under the Policies, it is entitled to coverage for all or nearly all of the damages sought by AGC.

25. To date, however, HDI has refused to indemnify OTB (as its named insured) or AGC (as an additional insured), for the losses incurred at the Project.

26. In lieu of tendering coverage, HDI initiated an action for declaratory relief against OTB, and Orange & Blue seeking to rescind its policy, and in so doing, bar any coverage for the Underlying Lawsuit for which OTB would be liable. This action is set in Southern District of Florida, entitled *HDI Global Specialties, SE f/k/a International Insurance Company of*

*Hannover Se v. On The Ball Builders, Inc. et al.*, case number 20-CV-23411-DMM ("Companion Suit").

27. On December 29, 2020, William Shendell, President of OTB submitted a "response to Summons" attempting to provide a general denial to the operative Complaint.

28. On January 14, 2021, the Court struck OTB's "response to Summons" by Paperless Order. The Court found that OTB, as an artificial entity, could not proceed pro se.

29. On February 17, 2021, Default was entered against OTB.

30. On March 12, 2021, HDI filed a Motion for Default Judgement against OTB. No order has been entered on this motion and remains pending.

31. In spite that HDI specifically knew of the Underlying Lawsuit and that AGC is an Additional Insured under the Policies, HDI failed to notify and/or join AGC in the Companion Suit. As such, AGC only recently became aware of the lawsuit. At such time, AGC made demands for indemnification from HDI for the damages incurred by AGC for OTB's negligence. HDI has denied any obligation to provide coverage.

32. Because of HDI's failure to respond to AGC's demands and provide coverage for the loss, AGC has been forced to pursue the direct action against HDI, which has resulted in significant legal fees and costs.

## COUNT I
## DECLARATORY JUDGMENT

33. AGC repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

34. Upon information and belief, HDI disputes one or more of the allegations herein, including, without limitation, the assertion that the Policies cover the damages incurred as a result of the Defective Balconies.

35. By reason of the foregoing, an actual and justiciable controversy exists between AGC and HDI regarding their respective rights and obligations under the Policies, including, but not limited to, (i) HDI's obligations to indemnify AGC as an additional insured in connection with the Underlying Lawsuit; and (ii) HDI's obligations with respect to AGC's claims against OTB, to the extent that OTB is found to be liable for claims arising out of the Underlying Lawsuit.

36. Furthermore, HDI has represented that the Policies have been rescinded. To the extent that is true, AGC seeks a determination that such rescission was improper.

37. An Order from this Court will resolve these disputes concerning the parties' respective rights and obligations.

38. AGC is entitled to a declaratory judgment, *inter* alia, that:

(i) Any attempted rescission by HDI of the Policies was improper and invalid;

(ii) HDI is obligated to indemnify AGC from and against damages because of property damage and other damages incurred because of the Defective Balconies at the Project;

(iii) Because HDI has denied coverage, it is estopped and otherwise barred from challenging the terms under which AGC has resolved the claims of third-parties, and is bound by those terms as if it had formally consented to the resolution of those claims; None of the exclusions cited by HDI bars recovery of the damages incurred by AGC as an additional insured, or bars coverage of AGC's affirmative claims against OTB; and

(iv) AGC is entitled to recover from HDI all fees and costs incurred pursuing this action pursuant to Fla. Stat. § 627.428.

## COUNT II
## BREACH OF CONTRACT

39. AGC repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

40. AGC incurred and is continuing to incur significant costs to investigate and resolve claims relating to the Defective Balconies, and to repair property damage.

41. The Policies are valid and binding agreements. Pursuant to the terms of the Policies, HDI has an obligation to indemnify AGC for damages because of property damage.

42. AGC has incurred and continues to incur damages.

43. HDI is obligated to indemnify AGC but has breached that obligation.

44. Upon information and belief, OTB has satisfied all of its obligations under the Policies, including the payment of premiums and provision of timely notice of claims relating to the Defective Balconies.

45. AGC, as an Additional Insured, has satisfied all of its obligations under the Policies, including timely notice of claims relating to the Defective Balconies.

46. HDI has refused to honor its coverage obligations.

47. As a direct, proximate and foreseeable result of HDI's refusal to fulfill its indemnity obligations to AGC, and other breaches, AGC has incurred, and will continue to incur substantial costs, expenses and other damages.

48. As a result of the aforementioned breaches, HDI is liable to AGC for money damages as an Additional Insured under the Policies.

49. AGC is entitled to recover from HDI all fees and costs incurred pursuing this action pursuant to Fla. Stat. § 627.428.

**WHEREFORE,** ALTMAN-GLENEWINKEL CONSTRUCTION, LLC demands judgment against HDI GLOBAL SPECIALTIES SE f/k/a INTERNATIONAL INSURANCE

COMPANY OF HANNOVER SE as follows: (1) Entering declaratory relief, in accordance with paragraph 38 above, and as otherwise appropriate based upon the claims and defenses of the parties; (2) Awarding money damages, in an amount to be proven at trial; (3) For attorneys' fees and costs incurred pursuing this action; (4) For pre-judgment and post-judgment interest; and (5) For such other and further relief that this Court deems just and equitable.

Respectfully submitted this November 17, 2021

/s/Anne-Solenne Rolland
Anne-Solenne Rolland
Florida Bar No. 99631
arolland@pecklaw.com
Adam P. Handfinger
Florida Bar No.: 636142
ahandfinger@pecklaw.com
Freddy X. Muñoz
Florida Bar No.: 108242
fmunoz@pecklaw.com
PECKAR & ABRAMSON, P.C.
One Southeast Third Avenue, Suite 2000
Miami, Florida 33131
Telephone: 305.358.2600

*Counsel for Altman-Glenewinkel Construction, LLC*